IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ADRIEL AYON NUÑEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-0047-S-EJL |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| WARDEN VALDEZ, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Idaho state prisoner Adriel Nuñez has filed a Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2254. The Court is required to screen the Petition to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

## I.

## REVIEW OF PETITION

After a jury trial in state district court, Petitioner was convicted of one count of trafficking in methamphetamine, and he was found to be a persistent violator of the law

**INITIAL REVIEW ORDER - 1**

under Idaho Code § 19-2514. The state trial court sentenced him to twenty-five years in prison, with the first fifteen years fixed.

In his federal habeas petition, Petitioner raises the following three claims of constitutional error: (1) he alleges that he was denied due process of law because his preliminary hearing occurred twenty-four days after his arrest; (2) he contends that his due process rights were violated because the jury consisted of only eleven members; and (3) he asserts that his Fourth Amendment right against unreasonable searches and seizures was violated when police officers searched his car without probable cause or a warrant. According to Petitioner, he raised these same claims in a state application for post-conviction relief, and the appeal from the dismissal of that application is still pending in the Idaho Court of Appeals. *See Petition for Writ of Habeas Corpus*, p. 4.

A state prisoner cannot be granted relief in a federal habeas proceeding unless he has first properly exhausted all of his potential remedies in the state courts, meaning that he has raised all of his claims in the highest state court in a correct manner under state law. 28 U.S.C. § 2254(b)(2); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). State court remedies are not exhausted when the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Here, because Petitioner has an appeal pending in the Idaho Court of Appeals in which he has raised these same three claims, it plainly appears that Petitioner has not yet

**INITIAL REVIEW ORDER - 2**

exhausted these claims in the highest state court through a procedure available under state law.

Although this Court has the authority, upon a showing of good cause, to stay a habeas petition that contains both exhausted *and* unexhausted claims until a petitioner has finally completed all state court proceedings, *see Rhines v. Weber*, 544 U.S. 269 (2005), it does not have the authority to stay a petition that is comprised entirely of unexhausted claims, as here. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Summary dismissal under Habeas Rule 4 is appropriate in this situation.

Accordingly, Petitioner shall have an opportunity to show cause why this case should not be dismissed without prejudice for failure to exhaust state court remedies. If the case is ultimately dismissed, Petitioner may re-file a federal habeas petition after he has exhausted his state court remedies, provided that the new petition is timely under the applicable one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1)&(2).

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that, because Petitioner has paid the $5.00 filing fee, the Application for In Forma Pauperis Status (Docket No. 1) is deemed MOOT.

**INITIAL REVIEW ORDER - 3**

IT IS FURTHER ORDERED that on or before July 27, 2007, Petitioner shall show cause why this case should not be dismissed without prejudice for failure to exhaust state court remedies.

DATED: **June 25, 2007**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**INITIAL REVIEW ORDER - 4**